FREDERICK W. GASTON
STATE BAR # 231179
MATTHEW J. FAUST
STATE BAR # 254145
GASTON & GASTON
222 ASH STREET
SAN DIEGO, CA 92101
TELEPHONE: (619) 398-1882
FAX: (619) 398-1887

Attorneys for Defendant Paul Kaplan

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| AMERICAN DIAGNOSTIC MEDICINE, INC., | Case No.: 07CV2401 |
|  |  |
| Plaintiff, | **DEFENDANT PAUL KAPLAN'S ANSWER TO COMPLAINT** |
| vs. |  |
| JOHN DAVID BOLS; and DOES 1-50, |  |
| Defendants. |  |

COMES NOW, DEFENDANT PAUL KAPLAN and in answer to the Complaint of Plaintiff

AMERICAN DIAGNOSTIC MEDICINE, INC herein admits, denies and alleges as follows:

1)    In response to Paragraph 1 of the Complaint, Defendant Kaplan admits all allegations

therein except that American Diagnostic Medicine is an Illinois corporation.  Defendant Kaplan is without

sufficient knowledge or information to form a belief as to the truth of the allegation, and on that basis

denies the allegation.

2)    In response to Paragraph 2 of the Complaint, Defendant Kaplan admits all allegations therein.

3)    In response to Paragraph 3 of the Complaint, Defendant Kaplan admits all allegations therein.

4)    In response to Paragraph 4 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

5)    In response to Paragraph 5 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

6)    In response to Paragraph 6 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

7)    In response to Paragraph 7 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

8)    In response to Paragraph 8 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

9)    In response to Paragraph 9 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

10)    In response to Paragraph 10 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

11)     In response to Paragraph 11 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

12)     In response to Paragraph 12 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

13)     In response to Paragraph 13 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

14)     In response to Paragraph 14 of the Complaint, Defendant Kaplan admits that he became Territory Sales Representative of ADM on 8 May 2006 and that he entered into an agreement title Territory Sales Representative Agreement ("TSR Agreement") with ADM. Defendant Kaplan also admits that paragraphs 6 and 7 of the TSR Agreement are similar to paragraphs 6 and 7 of Defendant Walder's Vice President of Sales Agreement ("VPS Agreement"). Plaintiff denies that paragraphs 8, 9, 10 and 12 of his TSR Agreement are identical to paragraphs 8, 9, 10 and 12 of Defendant Walker's VPS Agreement.

15)     In response to Paragraph 15 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

16)     In response to Paragraph 16 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

17)     In response to Paragraph 17 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

18)    In response to Paragraph 18 of the Complaint, Defendant Kaplan denies each and every allegation contained therein.

19)    In response to Paragraph 19 of the Complaint, Defendant Kaplan denies each and every allegation contained therein.

20)    In response to Paragraph 20 of the Complaint, Defendant Kaplan admits that he tendered his resignation to ADM on 3 December 2007.  Except as so admitted, Defendant Kaplan denies each and every allegation contained in said paragraph.

21)    In response to Paragraph 21 of the Complaint, Defendant Kaplan denies each and every allegation contained therein.

22)    In response to Paragraph 22 of the Complaint, Defendant Kaplan hereby incorporates by reference paragraph 1-21 of this Answer as if fully set forth herein.

23)    In response to Paragraph 23 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

24)    In response to Paragraph 24 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

25)    In response to Paragraph 25 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

26)    In response to Paragraph 26 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

27)    In response to Paragraph 27 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

28)    In response to Paragraph 28 of the Complaint, Defendant Kaplan hereby incorporates by reference paragraph 1-27 of this Answer as if fully set forth herein.

29)    In response to Paragraph 29 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

30)    In response to Paragraph 30 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

31)    In response to Paragraph 31 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

32)    In response to Paragraph 32 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

33)    In response to Paragraph 33 of the Complaint, Defendant Kaplan hereby incorporates by reference paragraph 1-32 of this Answer as if fully set forth herein.

34)    In response to Paragraph 34 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

35)    In response to Paragraph 35 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

36)    In response to Paragraph 36 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

37)    In response to Paragraph 37 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

38)    In response to Paragraph 38 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

39)    In response to Paragraph 39 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

40)    In response to Paragraph 40 of the Complaint, Defendant Kaplan hereby incorporates by reference paragraph 1-39 of this Answer as if fully set forth herein.

41)    In response to Paragraph 41 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

42)    In response to Paragraph 42 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

43)    In response to Paragraph 43 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

44)     In response to Paragraph 44 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

45)     In response to Paragraph 45 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

46)     In response to Paragraph 46 of the Complaint, Defendant Kaplan hereby incorporates by reference paragraph 1-45 of this Answer as if fully set forth herein.

47)     In response to Paragraph 47 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

48)     In response to Paragraph 48 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

49)     In response to Paragraph 49 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

50)     In response to Paragraph 50 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

51)     In response to Paragraph 51 of the Complaint, Defendant Kaplan hereby incorporates by reference paragraph 1-20 of this Answer as if fully set forth herein.  In further response to Paragraph 51 of the Complaint, Defendant Kaplan admits that he was provided valuable consideration in the form of compensation in exchange for the contractual obligation undertaken by Kaplan in Exhibit B of the Complaint.  Except as so admitted, Defendant Kaplan is without sufficient knowledge or

information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

52)    In response to Paragraph 52 of the Complaint, Defendant admits that the TSR agreement is generally enforceable.

53)    In response to Paragraph 53 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

54)    In response to Paragraph 54 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

55)    In response to Paragraph 55 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

56)    In response to Paragraph 56 of the Complaint, Defendant Kaplan hereby incorporates by reference paragraph 1-55 of this Answer as if fully set forth herein.

57)    In response to Paragraph 57 of the Complaint, Defendant Kaplan admits all allegations therein.

58)    In response to Paragraph 58 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

59)    In response to Paragraph 59 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

60)    In response to Paragraph 60 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

61)    In response to Paragraph 61 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

62)    In response to Paragraph 62 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

63)     In response to Paragraph 63 of the Complaint, Defendant Kaplan hereby incorporates by reference paragraph 1-62 of this Answer as if fully set forth herein.

64)     In response to Paragraph 64 of the Complaint, Defendant Kaplan is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

65)     In response to Paragraph 65 of the Complaint, Defendant Kaplan admits all allegations therein.

66)     In response to Paragraph 66 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

67)     In response to Paragraph 67 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

68)     In response to Paragraph 68 of the Complaint, Defendant Kaplan denies each and every allegation set forth therein.

**WHEREFORE** Defendant Kaplan prays as follows:

1)     That plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of defendant

2)     That defendant be awarded his costs of suit incurred in defense of this action; and

3)     For such other relief as the Court deems proper.

GASTON & GASTON

DATED: 01/10/2008                    BY:_____

FREDERICK W. GASTON
ATTORNEYS FOR DEFENDANT
PAUL KAPLAN

FREDERICK W. GASTON
STATE BAR # 231179

MATTHEW J. FAUST
STATE BAR # 254145

GASTON & GASTON
222 ASH STREET
SAN DIEGO, CA  92101
TELEPHONE: (619) 398-1882
FAX: (619) 398-1887

Attorneys for Counterclaimant Paul Kaplan

## UNITED STATES DISTRICT COURT
### FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAUL KAPLAN, <br><br> Counterclaimant, <br><br> vs. <br><br> AMERICAN DIAGNOSTIC MEDICINE, INC., <br><br> Counterdefendant. | Case No.:    **07CV2401** <br><br> **COUNTERCOMPLAINANT PAUL KAPLAN'S COUNTERCLAIM FOR** <br> 1. **Breach of Contract;** <br> 2. **Violation of Cal. Lab. Code Sections 202 and 203;** <br> 3. **Accounting;** <br> 4. **Termination in Violation of Public Policy;** <br> 5. **Breach of Implied Covenant of Good Faith and Fair Dealing;** <br> 6. **Fraud** |

### DEMAND FOR JURY TRIAL

**COMES NOW**, COUNTERCLAIMANT PAUL KAPLAN, who brings these counterclaims AMERICAN DIAGNOSTIC MEDICINE:

### GENERAL ALLEGATIONS

69)    Counterclaimant PAUL KAPLAN ("KAPLAN") is, and at all times mentioned in this complaint was, a resident of the city of Carlsbad, County of San Diego, State of California.

70)    Counterdefendant AMERICAN DIAGNOSTIC MEDICINE, INC. ("AMD") is, and at all times mentioned in this complaint was, an Illinois corporation with its principal place of business in Elmhurst, Illinois.

## FACTUAL BACKGROUND

71)    On 8 May 2007, Counterclaimant entered into a Territory Sales Representative Agreement ("TSR Agreement") with Counterdefendant.   This agreement did not contain a non-compete provision.  A copy of the contract is attached hereto as Exhibit "A" and made a part hereof.

72)    Counterclaimant had previously been employed by Digirad, the chief competitor of Counterdefendant.  Counterclaimant was hired by Counterdefendant along with six other Digirad Sales Representatives and Western Region VP of sales/operations.

73)    During the year of 2007, Counterclaimant observed all but one of his former Digirad sales colleagues being terminated.  Counterclaimant is informed and believed, and thereon alleges that his colleagues were terminated because they had converted their previously-known clientele list to be serviced by Counterdefendant.

74)    During the period of March 2007 to October 2007, Counterclaimant also noticed that several of his commissions were unpaid.

75)    On 24 July 2007, Counterclaimant, met with fellow employees, Michele Draper (the Operations Manager for Northern California) and Defendant Walder, to discuss the possibility of starting their own company in the future.  During the course of the meeting, Counterclaimant recognized the implausibility of the idea and renounced any future involvement in the possible future company during the course of his employment with Counterdefendant.

76)     During October and November of 2007, Counterdefendant gave Counterclaimant indications that it planned on terminating him.  These indications included Counterclaimant's observations that his former Digirad coworkers were being terminated after converting their client lists to Counterdefendant.  He was also informed by Samuel Kancherlapalli that he needed to bring an unreasonable $400,000 of new

business into the company to keep his job. Finally, Counterdefendant was told that the company was losing money and that sales staff was being trimmed because they were not productive enough.

77) On or about 3 December 2007, Counterclaimant, because of the actions by Counterdefendant described in paragraph 8, decided he had no option but to resign his position to prevent being terminated. He submitted his resignation to Counterdefendant, effective immediately.

78) Despite requesting payment of his final day's wages, final expense report, commissions owed from Counterdefendant and various other items owed to Counterclaimant, Counterclaimant was never compensated.

79) On 10 December, an action similar to this one was filed by Counterdefendant in the United States District for the Northern District of Illinois under Case No. 07 C 6947.

## FIRST COUNTERCLAIM

### Breach of Contract

80) Plaintiff hereby incorporates by reference paragraphs 1-11 of this Complaint as if fully set forth herein.

81) On or about 8 May 2006, Counterclaimant and Counterdefendant entered into a written contract whereby Counterdefendant employed Counterclaimant as a Territory Sales Representative, which required Counterclaimant to sell the products and services of Counterdefendant to all hospitals, multi-specialty clinics, cardiology practices and other health care providers in the State of California. A copy of the contract is attached hereto as Exhibit "A" and made a part hereof.

82) By selling the products and services of Counterdefendant to hospitals, multi-specialty clinics, cardiology practices and other health care providers in the State of California between 8 May 2006 and 3 December 2007, Counterclaimant has performed all of his obligations under the contract, except for those obligations from which he was excused.

83) Since 3 December 2007, Counterclaimant has requested that Counterdefendant perform its

obligations under the Agreement.

84)    Counterdefendant has breached the Agreement by failing to compensate Counterclaimant per the terms of the TSR Agreement.

85)    As a direct and proximate result of Counterdefendant's aforementioned breaches, Counterclaimant has suffered general harassment and incurred general damages including, but not limited to, the above mentioned money damages and the cost of legal counsel, in an amount to be proved at trial.

## SECOND COUNTERCLAIM

### Violation of Cal. Lab. Code Sections 202 and 203

86)    Counterclaimant hereby incorporates paragraphs 1-17 of this complaint as if fully set forth herein.

87)    On or about 8 May 2006, Counterclaimant and Counterdefendant entered into a written contract whereby Counterdefendant employed Counterclaimant as a Territory Sales Representative, which required Counterclaimant to sell the products and services of Counterdefendant to all hospitals, multi-specialty clinics, cardiology practices and other health care providers in the State of California.  A copy of the contract is attached hereto as Exhibit "A" and made a part hereof.

88)    Effective 3 December 2007, Counterclaimant resigned from his position with Counterdefendant.

89)    On 3 December 2007, at the time that Counterclaimant resigned, Counterclaimant had last been paid accrued wages on 30 November 2007 and was owed wages for 3 days based on a wage rate of $101,000 per year, as provided for in the employment agreement referred to in Paragraph 19.

90)    At the time of termination, Counterdefendant failed to pay Counterclaimant any of the amounts dues as set forth above.  Counterdefendant's failure to pay the full amount due Counterclaimant on termination violates the provisions of California Labor Code Section 202(a).  Counterdefendant has failed and refused, and continues to fail and refuse, to pay the amount due.

91)    Pursuant to Labor Code Section 218.5, Counterclaimant requests that the court award Counterclaimant reasonable attorney's fees and costs incurred by him/her in this action.

92)    Pursuant to Labor Code Section 218.6, Counterclaimant requests that the Court award Counterclaimant interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

93)    Counterdefendant's failure to pay wages, as alleged in Paragraph 19, was willful in that Counterdefendant had no intention of compensating Counterclaimant for his final commissions and wages, thus entitling Counterclaimant to penalties under Labor Code Section 203, which provides that an employee's wages shall continue as a penalty until paid or for a period of up to 30 days from the time they were due, whichever period is shorter.

94)    Counterdefendant failed to pay Counterclaimant monies owed at the time of termination and has failed to pay those sums thereafter.  Pursuant to the provisions of Labor Code Section 203, Counterclaimant is entitled to a penalty in an amount to be determined at trial, which is his daily rate multiplied by 30 days.

### THIRD CAUSE OF ACTION

#### Accounting

95)    On or about 8 May 2006, Counterclaimant and Counterdefendant entered into a written contract whereby Counterdefendant employed Counterclaimant as a Territory Sales Representative, which required Counterclaimant to sell the products and services of Counterdefendant to all hospitals, multi-specialty clinics, cardiology practices and other health care providers in the State of California.  A copy of the TSR Agreement is attached hereto as Exhibit "A" and made a part hereof.

96)    Counterclaimant's commissions were to be paid in accordance with pages 4 and 5 of Exhibit A.  Notably, Counterclaimant was to receive (1) between $1,000 and $9,000 on "new nuclear fixed site accounts," proportional to the duration of the contract; (2) between $12,000 and $15,000 on "new 64 slice CT fixed site accounts," proportional to the duration of the contract; (3) between $800 and $4,000 on "new

mobile accounts," propositional to the frequency of the service provided, and (4) between $400 and $2,000 on "renewed mobile accounts," proportional to the frequency of the service provided.

97)  Pursuant to the contract, Counterclaimant entered into the employment and diligently and faithfully rendered his/her services to Counterdefendant and performed all of the terms and conditions of the contract on his/her part to be performed.  On 3 December 2007, Counterclaimant's employment was constructively terminated by Counterdefendant as established in Paragraphs 8 of this Counterclaim.

98)  Counterclaimant is informed and believes and thereon alleges that between March of 2007 and October of 2007, Counterdefendant entered into sales transactions with various persons and received a profit, a portion of which is due and owing to Counterclaimant.  Counterdefendant, however, has not accounted for the profits and has not paid Counterclaimant's share.

99)  Counterclaimant does not know the precise amount of profit on which to base his claim for compensation, because such profits can only be determined by an accounting of Counterdefendant's books and records.  Counterclaimant is informed and believes and thereon alleges that Counterdefendant owes Counterclaimant compensation in excess of $6,900.

## FOURTH COUNTERCLAIM

### Termination In Violation of Public Policy

100)  Counterclaimant hereby incorporates paragraphs 1-31 of this complaint as if fully set forth herein.

101)  From 8 May 2006 to 3 December 2007, Counterclaimant was employed by Counterdefendant as a Territory Sales Representative, which required Counterclaimant to sell the products and services of Counterdefendant to all hospitals, multi-specialty clinics, cardiology practices and other health care providers in the State of California.  A copy of the contract is attached hereto as Exhibit "A" and made a part hereof.

102)    [Allege conduct by the employer in violation of public policy.]  Counterclaimant informed and believes and thereon alleges that Counterdefendant had no intention of paying his final commissions and wages.

103)    Counterdefendant's refusal to pay Counterclaimant his final wages and commissions is a violation of California's public policy.

104)    As a proximate result of Counterclaimant's conduct as described in Paragraph 34, above, and in violation of public policy as set forth in Paragraph 35, Counterdefendant set unrealistic sales goals for Counterclaimant and indicated to him that his job was at stake. At all times relevant hereto, Counterdefendant deliberately created the working conditions that led Counterclaimant to resign.  The knowledge of Counterdefendant is based on the knowledge of Samuel Kancherlapalli, in his capacity as Chief Executive Officer of Counterdefendant.

105)    As a proximate result of Counterdefendant's conduct, Counterclaimant has suffered harm, including lost earnings and other employment benefits, humiliation, embarrassment, and mental anguish, all to his damage in an amount to be established at trial.

106)    In doing the acts set forth above, Counterdefendants knew that Counterclaimant was entitled to receive compensation for the work that he had performed.  Notwithstanding this knowledge, Counterdefendant despicably subjected Counterclaimant to cruel and unjust hardship in conscious disregard of Counterclaimant's rights by setting unrealistic sales goals for him and indicating to him that he would be terminated.  This oppressive conduct was committed by Samuel Kancherlapalli, Chief Executive Officer of Counterdefendant.  Counterdefendant's conduct warrants the assessment of punitive damages.

107)    Counterdefendant employed Samuel Kancherlapalli, Chief Executive Officer of Counterdefendant, with advance knowledge of his unfitness, and employed him with a conscious disregard of the rights and safety of other.

**FIFTH CAUSE OF ACTION**

**Breach of Implied Covenant of Good Faith and Fair Dealing**

108) Counterclaimant hereby incorporates paragraphs 1-39 of this complaint as if fully set forth herein.

109) The employment agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Counterdefendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from performing any or all of the conditions of the contract that he agreed to perform, or any act that would deprive Counterclaimant of the benefits of the contract.

110) During November 2007, Counterdefendant signed a contract within Counterclaimant's sales territory without the knowledge or consent of Counterclaimant. Further, Counterdefendant, after depriving Counterclaimant of a sales opportunity, never paid Counterclaimant the commission that was due him.

111) Counterclaimant performed all the duties and conditions of the employment agreement.

112) Counterdefendant knew that Counterclaimant had fulfilled all his duties and conditions under the contract.

113) Counterdefendant breached the implied covenant of good faith and fair dealing under the employment agreement by forcing Counterclaimant to resign, as outlined in these counterclaims, intentionally, maliciously, and without probable cause, in bad faith and for reasons extraneous to the contract. In fact, Counterdefendant had a history of terminating Sales Representatives once they had converted their clientele to be serviced by Counterdefendant.

114) Counterdefendant further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own personnel policies by entering into contracts with customers in Counterclaimant's sales territory without consulting Counterclaimant.

115) Counterdefendant further breached the implied covenant of good faith and fair dealing by depriving Counterclaimant of any commissions he was due at the time of his resignation.

116) As a proximate result of Counterdefendant's breach of the implied covenant of good faith and fair dealing, Counterclaimant has suffered, and continues to suffer, losses commissions and wages, to his damage in an amount to be proved at trial.

## SIXTH COUNTERCLAIM

### Fraud

117)    Counterclaimant hereby incorporates paragraphs 1-48 of this complaint as if fully set forth herein.

118)    On or about 8 May 2006, Counterdefendant, through its agent represented to Counterclaimant that Counterdefendant desired to employ him because of his sales record.

119)    Counterdefendant knew at the time this representation was made that it was false, in that it actually sought to obtain Counterclaimant's client list and then terminate him.

120)    The misrepresentation was made with the intent to induce Counterclaimant to enter into the TSR Agreement with Counterdefendants.

121)    Counterclaimant's reliance on that misrepresentation was reasonable, in that he believed he was being offered a legitimate job offer.

122)    As a result of Counterclaimant's reliance on the misrepresentation, he suffered damages in that he gave up his previous job, to his ultimate detriment.

123)    The misrepresentation alleged in Paragraphs 50-52 was independent of the termination of Counterclaimant's employment, and the damages suffered by Counterclaimant resulted not from that termination but from Counterclaimant's resignation of his previous employment.

**WHEREFORE** Counterclaimant prays judgment against Counterdefendant as follows:

**On the First Counterclaim**:

1.  For compensatory and incidental damages, including, but not limited to the amount of Plaintiff's initial investment, anticipated profits, and other special and general damages in an amount to be shown at trial.

**On the Second Counterclaim**:

1. For compensatory damages;

2. For interest from 3 December 2007;

3. For penalties pursuant to Labor Code Section 203;

4. For punitive damages in an amount appropriate to punish the Counterdefendants and deter others from engaging in similar conduct;

5. For reasonable attorney's fees pursuant to Labor Code Section 218.5

**On the Third Counterclaim**:

1. For an accounting between Counterclaimant and Counterdefendant;

2. For payment over to Counterclaimant of the amount due from Counterdefendant as a result of the account and interest on that amount from and after March 2007;

3. For reasonable attorney's fees, as provided in the TSR Agreement;

**On the Fourth, Fifth and Sixth Counterclaims**:

1. For damages for beach of contract according to proof, including lost earnings and other employee benefits, past and future;

2. For compensatory damages according to proof, including lost earnings and other employee benefits, costs of seeking other employment ,and damages for emotional distress, humiliation, and mental anguish;

3. For punitive damages in an amount appropriate to punish Counterdefendants and deter others from engaging in similar misconduct;

4. For reasonable attorney's fees incurred by Counterclaimant in obtaining the benefits due him/her under the employment contract with Counterdefendant;

**On All Counterclaims**:

1.   For cost of suit incurred herein;

2.   For prejudgment interest at the legal rate; and

3.   For such other relief as the Court may deem proper.

                                        Respectfully Submitted,


                                        GASTON & GASTON

DATED: 01/10/2008                 BY:_____
                                        FREDERICK W. GASTON
                                        ATTORNEYS FOR
                                        COUNTERCLAIMANT
                                        PAUL KAPLAN