1  Keith E. Butler  State Bar Number 200496
   Clausen Miller P.C.
2  2040 Main Street, Suite 500
   Irvine, CA 92614
3  Telephone  (949) 260-3100
   Facsimile  (949) 260-3190
4
   Attorneys for Plaintiff and
5  Counterdefendant, AMERICAN
   DIAGNOSTIC MEDICINE, INC.
6
7
8              UNITED STATES DISTRICT COURT
9         FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  AMERICAN DIAGNOSTIC MEDICINE, INC., | Case No. 07cv2401W |
| 12          Plaintiff, | JUDGE:  Hon. Thomas J. Whelan<br>CTRM:   7 |
| 13  vs. | |
| 14  ROBERT WALDER, PAUL KAPLAN, | AMERICAN DIAGNOSTIC<br>MEDICINE, INC.'S ANSWER TO<br>COUNTERCLAIMANT PAUL |
| 15  and DOES 1 through 100, inclusive, | KAPLAN'S COUNTERCLAIM |
| 16          Defendants. | |
| 17  PAUL KAPLAN, | |
| 18          Counterclaimant, | |
| 19  vs. | |
| 20  AMERICAN DIAGNOSTIC MEDICINE, INC., | |
| 21 | |
| 22          Counterdefendant. | |

23
24  **COUNTERDEFENDANT, AMERICAN DIAGNOSTIC MEDICINE, INC.'S**
25     **ANSWER TO COUNTERCLAIMANT PAUL KAPLAN'S**
26                     **COUNTERCLAIM**
27     COMES NOW, Counterdefendant, AMERICAN DIAGNOSTIC
28

                              1

                                              07cv2401W

1  MEDICINE, INC. ("ADM") by and through its attorneys, CLAUSEN MILLER
2  P.C., in answer to Counterclaimant, PAUL KAPLAN's Counterclaim states as
3  follows:

### GENERAL ALLEGATIONS

4

5      1.    ADM admits the allegations in Paragraph 1.

6      2.    ADM admits the allegations in Paragraph 2.

### FACTUAL BACKGROUND

7

8      3.    ADM states that the Territory Sales Representative Agreement is
9  dated May 8, 2006. ADM further admits that the TSR Agreement did not contain a
10 non-compete provision. ADM admits that Exhibit A to the complaint is a copy of
11 the TSR Agreement. Any allegations in Paragraph 3 inconsistent with the
12 foregoing are denied.

13     4.    ADM admits Mr. Kaplan was previously employed by Digirad and
14 that ADM hired various employees, some of whom were also previously employed
15 by Digirad. ADM denies the remaining allegations in Paragraph 4 and demands
16 strict proof thereof.

17     5.    ADM admits that in 2007, it terminated the employment of some of
18 its sales force due to performance issues. Some of these employees included
19 employees who formerly worked for Digirad. ADM specifically denies the
20 remaining allegations in Paragraph 5 and demands strict proof thereof.

21     6.    ADM denies the allegations in Paragraph 6 and demands strict proof
22 thereof.

23     7.    ADM possess insufficient knowledge to form a belief as to the truth of
24 the averments in Paragraph 7 and therefore deny same.

25     8.    ADM denies the allegations in Paragraph 8.

26     9.    ADM admits that on December 3, 2007, Mr. Kaplan resigned from
27 ADM. ADM denies the remaining allegations in Paragraph 9.

28

1    10.    ADM admits that it paid Counterclaimant through and including

2  November 30, 2007 - a Friday.  ADM further admits that Counterclaimant did not

3  work on Saturday, December 1, Sunday, December 2 or on Monday, December 3,

4  the day he resigned.  ADM denies all allegations in Paragraph 10 that are

5  inconsistent with the foregoing.

6    11.    ADM admits the allegations in Paragraph 11.

7                              **FIRST COUNTERCLAIM**

8                              BREACH OF CONTRACT

9    12.    ADM hereby incorporates by reference its answers to Paragraphs 1-11

10  of Mr. Kaplan's counterclaim.

11    13.    ADM admits that on May 8, 2006, Mr. Kaplan and ADM signed a

12  Territory Sales Representative Agreement ("TSR Agreement").  ADM states that

13  the document speaks for itself.  To the extent the remaining allegations in

14  Paragraph 13 are inconsistent with the terms of the TSR Agreement, ADM denies

15  same.

16    14.    ADM denies the allegations in Paragraph 14.

17    15.    The allegations in Paragraph 15 are unclear, however, ADM denies it

18  has failed to perform its obligations under the Agreement.  To the extent any

19  allegation in Paragraph 15 is inconsistent with the foregoing, the allegation is

20  denied.

21    16.    ADM denies the allegations in Paragraph 16.

22    17.    ADM denies the allegations in Paragraph 17.

23                              **SECOND COUNTERCLAIM**

24                    **Violation of Cal. Lab. Code Sections 202 and 203**

25    18.    ADM hereby incorporates its answers to paragraphs 1-17 to Mr.

26  Kaplan's counterclaim as if fully set forth herein.

27    19.    ADM admits that on May 8, 2006, Mr. Kaplan and ADM signed the

28

-3-

1  TSR Agreement.  ADM states that the document speaks for itself.  To the extent

2  the remaining allegations in Paragraph 19 are inconsistent with the terms of the

3  TSR Agreement, ADM denies same.

4          20.    ADM admits the allegations in Paragraph 20.

5          21.    ADM denies the allegations in Paragraph 21.

6          22.    ADM Denies the allegations in Paragraph 22.

7          23.    Paragraph 23 is a request for relief and does not require an answer,

8  however, ADM denies Mr. Kaplan is entitled to reasonable attorney's fees and

9  costs incurred by him in this action.

10          24.    Paragraph 24 is a request for relief and does not require an answer,

11  however, ADM denies Mr. Kaplan is entitled to interest on all due and unpaid

12  wages.

13          25.    ADM denies the allegations in Paragraph 25.

14          26.    ADM denies the allegations in Paragraph 26.

## THIRD CAUSE OF ACTION

### Accounting

17          27.    ADM admits that on May 8, 2006, Mr. Kaplan and ADM signed the

18  TSR Agreement.  ADM states that the document speaks for itself.  To the extent

19  the remaining allegations in Paragraph 27 are inconsistent with the terms of the

20  TSR Agreement, ADM denies same.

21          28.    ADM admits that the TSR Agreement and any amendments thereto,

22  includes certain terms related to the payment of commissions to ADM's sale

23  representatives.  ADM states that the document speaks for itself.  To the extent the

24  remaining allegations in Paragraph 28 are inconsistent with the terms of the TSR

25  Agreement, ADM denies same.

26          29.    ADM denies the allegations in Paragraph 29.

27          30.    ADM denies the allegations in Paragraph 30.

28

07cv2401W

1    31.    ADM denies the allegations in Paragraph 31.

2                      **FOURTH COUNTERCLAIM**

3              **Termination In Violation of Public Policy**

4    32.    ADM hereby incorporates its answers to paragraphs 1-31 to Mr.

5 Kaplan's counterclaim as if fully set forth herein.

6    33.    ADM admits that on May 8, 2006, Mr. Kaplan and ADM signed the

7 TSR Agreement. ADM states that the document speaks for itself. To the extent

8 the remaining allegations in Paragraph 33 are inconsistent with the terms of the

9 TSR Agreement, ADM denies same.

10    34.    ADM denies the allegations in Paragraph 34.

11    35.    ADM denies the allegations in Paragraph 35.

12    36.    ADM denies the allegations in Paragraph 36.

13    37.    ADM denies the allegations in Paragraph 37.

14    38.    ADM denies the allegations in Paragraph 38.

15    39.    ADM denies the allegations in Paragraph 39.

16                      **FIFTH CAUSE OF ACTION**

17     **Breach of Implied Covenant of Good Faith and Fair Dealing**

18    40.    ADM hereby incorporates its answers to paragraphs 1-39 to Mr.

19 Kaplan's counterclaim as if fully set forth herein.

20    41.    ADM admits the employment agreement states that Illinois law

21 applies and therefore, the agreement is subject to the requirements set forth in the

22 statutes and laws of Illinois. ADM denies any allegations in Paragraph 41 that is

23 inconsistent with the foregoing.

24    42.    The allegations in Paragraph 42 are unclear, therefore, ADM denies

25 same.

26    43.    ADM denies the allegations in Paragraph 43.

27    44.    ADM denies the allegations in Paragraph 44.

28

1    45.    ADM denies the allegations in Paragraph 45.

2    46.    ADM denies the allegations in Paragraph 46.

3    47.    ADM denies the allegations in Paragraph 47.

4    48.    ADM denies the allegations in Paragraph 48.

5                        **SIXTH COUNTERCLAIM**

6                              **Fraud**

7    49.    ADM hereby incorporates its answers to paragraphs 1-48 to Mr.

8   Kaplan's counterclaim as if fully set forth herein.

9    50.    ADM only admits that based on Mr. Walder's suggestion, it hired Mr.

10   Kaplan as a Territory Sales Representative.  ADM denies the remaining allegations

11   in Paragraph 50.

12   51.    ADM denies the allegations in Paragraph 51.

13   52.    ADM denies the allegations in Paragraph 52.

14   53.    ADM denies the allegations in Paragraph 53.

15   54.    ADM denies the allegations in Paragraph 54.

16   55.    ADM denies the allegations in Paragraph 55.

17   WHEREFORE, Counterdefendant ADM prays as follows:

18   1.    That Counterclaimant take nothing by reason of its counterclaim and

19   that judgment be rendered in favor of Counterdefendant;

20   2.    That Counterdefendant be awarded costs of this suit incurred in

21   defense of this counterclaim;  and

22   3.    For such other relief as the Court deems proper.

23

24   DATED: January 31, 2008                    CLAUSEN MILLER P.C.

25

                                        BY:  s/Keith E. Buter                    .
26

27                                       Attorneys for Plaintiff, AMERICAN
                                         DIAGNOSTIC MEDICINE, INC.
                                         E-mail: kbutler@clausen.com
28

07cv2401W