Phillip L. Kossy, State Bar No. 71543
Micah Parzen, State Bar No. 222559
Liseanne R. Kelly, State Bar No. 211782
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Defendant ROBERT WALDER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN DIAGNOSTIC MEDICINE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WALDER,<br>PAUL KAPLAN, and<br>DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 07cv2401 W (CAB)<br><br>JUDGE: Hon. Thomas J. Whelan<br>CTRM:  7<br><br>**DEFENDANT ROBERT WALDER'S ANSWER TO COMPLAINT** |

Defendant ROBERT WALDER ("Walder") or ("Defendant"), for himself alone, hereby responds to Plaintiff's Complaint filed herein as follows:

1. Answering the allegations of Paragraph 1 of the Complaint, Defendant Walder admits all allegations therein except that American Diagnostic Medicine is an Illinois corporation. Defendant Walder is without sufficient knowledge or information to form a belief as to the truth of the allegation, and on that basis denies the allegation.

2. Answering the allegations of Paragraph 2 of the Complaint, Defendant Walder admits all allegations therein.

3. Answering the allegations of Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation and on that basis

denies the allegation.

4. Answering the allegations of Paragraph 4 of the Complaint, Defendant admits that the controversy is between citizens of different states. Defendant is unable to admit or deny the remaining legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

5. Answering the allegations of Paragraph 5 of the Complaint, Defendant is unable to admit or deny the remaining legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

6. Answering the allegations of Paragraph 6 of the Complaint, Defendant admits that he was hired by ADM on March 21, 2006 as ADM's Vice President of Sales. Defendant further admits that he executed a Vice President of Sales Agreement with ADM. Defendant denies all remaining factual allegations in Paragraph 6.

7. Answering the allegations of Paragraph 7 of the Complaint, Defendant admits that it accurately reflects the language in paragraph 6 of the VPS Agreement. Defendant denies all remaining factual allegations in Paragraph 7.

8. Answering the allegations of Paragraph 8 of the Complaint, Defendant admits that it accurately reflects the language in paragraph 7 of the VPS Agreement. Defendant denies all remaining factual allegations in Paragraph 8.

9. Answering the allegations of Paragraph 9 of the Complaint, Defendant admits that it accurately reflects the language in paragraph 8 of the VPS Agreement. Defendant denies all remaining factual allegations in Paragraph 9.

10. Answering the allegations of Paragraph 10 of the Complaint, Defendant admits that it accurately reflects the language in paragraph 9 of the VPS Agreement. Defendant denies all remaining factual allegations in Paragraph 10.

11. Answering the allegations of Paragraph 11 of the Complaint, Defendant admits that it accurately reflects the language in paragraph 10 of the VPS Agreement. Defendant denies all remaining factual allegations in Paragraph 11.

12. Answering the allegations of Paragraph 12 of the Complaint, Defendant admits that it accurately reflects the language in paragraph 11 of the VPS Agreement. Defendant denies all remaining factual allegations in Paragraph 12.

13. Answering the allegations of Paragraph 13 of the Complaint, Defendant admits that during the course of his employment at ADM, he became privy to some of ADM's business, financial and operational information which it considers confidential. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that he became privy to all of ADM's confidential information or whether the information was in fact confidential, and on that basis denies any allegation that he became privy to all of ADM's confidential information.

14. Answering the allegations of Paragraph 14 of the Complaint, Defendant admits that he recommended Kaplan for employment to ADM. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations and on that basis denies the allegations.

15. Answering the allegations of Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

16. Answering the allegations of Paragraph 16 of the Complaint, Defendant admits he was terminated on October 17, 2007. Defendant denies all remaining allegations.

17. Answering the allegations of Paragraph 17 of the Complaint, Defendant admits that he is in possession of some sales manuals which he has offered to return. Defendant denies all remaining allegations therein.

18. Answering the allegations of Paragraph 18 of the Complaint, Defendant admits that he met with an ADM employee, Michele Draper, regarding a possible new company Core Medical Imaging and admits that Ms. Draper was asked to sign a Confidentiality and Non-Disclosure Agreement. Defendant denies all remaining allegations contained therein.

19. Answering the allegations of Paragraph 19 of the Complaint, Defendant Walder denies each and every allegation contained therein.

20. Answering the allegations of Paragraph 20 of the Complaint, Defendant is without

sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations.

21. Answering the allegations of Paragraph 21 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant admits that he considered forming Core Medical Imaging while working for ADM. Defendant denies each and every remaining allegation.

22. Answering the allegations of Paragraph 22 of the Complaint, Defendant Walder hereby incorporates by reference paragraphs 1 through 21 of this Answer as if fully set forth herein.

23. Answering the allegations of Paragraph 23 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant admits that he was employed by ADM and was required to sign an employment contract in order to obtain such employment. Defendant denies all remaining factual allegations.

24. Answering the allegations of Paragraph 24 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

25. Answering the allegations of Paragraph 25 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in Paragraph 25.

26. Answering the allegations of Paragraph 26 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in Paragraph 26.

27. Answering the allegations of Paragraph 27 of the Complaint, Defendant is unable to

admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in Paragraph 27.

28. Answering the allegations of Paragraph 28 of the Complaint, Defendant Walder hereby incorporates by reference paragraphs 1 through 27 of this Answer as if fully set forth herein.

29. Answering the allegations of Paragraph 29 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in Paragraph 29.

30. Answering the allegations of Paragraph 30 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in Paragraph 30.

31. Answering the allegations of Paragraph 31 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in Paragraph 31.

32. Answering the allegations of Paragraph 32 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual allegations in said paragraph, and on that basis denies each and every allegation contained therein.

33. Answering the allegations of Paragraph 33 of the Complaint, Defendant Walder hereby incorporates by reference paragraphs 1 through 32 of this Answer as if fully set forth herein.

34. Answering the allegations of Paragraph 34 of the Complaint, Defendant admits that ADM disclosed certain information it considers confidential information to him in the course of his employment. Defendant denies all remaining allegations.

35. Answering the allegations of Paragraph 35 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

36. Answering the allegations of Paragraph 36 of the Complaint, Defendant denies each and every allegation therein.

37. Answering the allegations of Paragraph 37 of the Complaint, Defendant denies each and every allegation therein.

38. Answering the allegations of Paragraph 38 of the Complaint, Defendant denies each and every allegation therein.

39. Answering the allegations of Paragraph 39 of the Complaint, Defendant denies each and every allegation therein.

40. Answering the allegations of Paragraph 40 of the Complaint, Defendant Walder hereby incorporates by reference paragraphs 1 through 39 of this Answer as if fully set forth herein.

41. Answering the allegations of Paragraph 41 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant is without sufficient knowledge or information to form a belief as to the truth of the factual allegations in said paragraph, and on that basis denies each and every allegation contained therein.

42. Answering the allegations of Paragraph 42 of the Complaint, Defendant denies that he had knowledge of ADM's business relationships with its customers solely through ADM, as many of ADM's customers were already known to Defendant and/or were brought to ADM by defendant.

43. Answering the allegations of Paragraph 43 of the Complaint, Defendant denies each and every allegation therein.

44. Answering the allegations of Paragraph 44 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in Paragraph 44.

45. Answering the allegations of Paragraph 45 of the Complaint, Defendant denies each and every allegation therein.

46. Answering the allegations of Paragraph 46 of the Complaint, Defendant Walder hereby incorporates by reference paragraphs 1 through 45 of this Answer as if fully set forth herein.

47. Answering the allegations of Paragraph 47 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

48. Answering the allegations of Paragraph 48 of the Complaint, Defendant is unable to admit or deny the legal allegations or conclusions of law regarding Plaintiff's claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations contained in Paragraph 48.

49. Answering the allegations of Paragraph 49 of the Complaint, Defendant denies each and every allegation therein.

50. Answering the allegations of Paragraph 50 of the Complaint, Defendant denies each and every allegation therein.

51. Answering the allegations of Paragraph 51 of the Complaint, Defendant Walder hereby incorporates by reference paragraphs 1 through 20 of this Answer as if fully set forth herein. In further response to Paragraph 51 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

52. Answering the allegations of Paragraph 52 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

53. Answering the allegations of Paragraph 53 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

54. Answering the allegations of Paragraph 54 of the Complaint, Defendant is without

1 | sufficient knowledge or information to form a belief as to the truth of the allegations in said
2 | paragraph, and on that basis denies each and every allegation contained therein.

55. Answering the allegations of Paragraph 55 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

56. Answering the allegations of Paragraph 56 of the Complaint, Defendant hereby incorporates by reference paragraphs 1 through 55 of this Answer as if fully set forth herein.

57. Answering the allegations of Paragraph 57 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

58. Answering the allegations of Paragraph 58 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

59. Answering the allegations of Paragraph 59 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

60. Answering the allegations of Paragraph 60 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

61. Answering the allegations of Paragraph 61 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

62. Answering the allegations of Paragraph 62 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

63. Answering the allegations of Paragraph 63 of the Complaint, Defendant Walder hereby incorporates by reference paragraphs 1 through 62 of this Answer as if fully set forth herein.

64. Answering the allegations of Paragraph 64 of the Complaint, Defendant is without

1 | sufficient knowledge or information to form a belief as to the truth of the allegations in said
2 | paragraph, and on that basis denies each and every allegation contained therein.

65. Answering the allegations of Paragraph 65 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

66. Answering the allegations of Paragraph 66 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

67. Answering the allegations of Paragraph 67 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

68. Answering the allegations of Paragraph 68 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in said paragraph, and on that basis denies each and every allegation contained therein.

### **AFFIRMATIVE DEFENSES**

WITHOUT waiving any of the foregoing, answering defendant for its affirmative defenses to the Complaint, alleges as follows:

The following separate affirmative defenses are asserted to the Complaint, and to each purported claim therein brought against Defendant. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden rests with Plaintiff. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

///
///
///

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute a cause or causes of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Uncertainty)

The Complaint is vague, uncertain, ambiguous and unintelligible.

### THIRD AFFIRMATIVE DEFENSE

(Failure to Identify Specific Statutory/Constitutional Provisions)

Some or all of the claims for damages in the Complaint are barred in that Plaintiff has failed to identify, with the requisite degree of specificity, any statutory and/or constitutional provision which has been expressly violated by any act of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by each and every applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 338, 339(1), 340, 343, California Civil Code section 3426.6.

### FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff is estopped by its own conduct and omissions from asserting any claims, damages or seeking other relief from Defendant.

### SIXTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff, by its actions and/or omissions, knowingly, voluntarily and willingly waived any rights it might otherwise have had against Defendant.

///

///

**SEVENTH AFFIRMATIVE DEFENSE**

(Laches)

Some or all of the causes of actions in the Complaint are barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff has not been damaged. However, to the extent Plaintiff proves otherwise, Plaintiff has failed to take adequate steps to minimize, alter, reduce or otherwise diminish its damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiff is barred from the recovery of damages, or damages should be dismissed based on Plaintiff's failure to mitigate.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Defendant is informed and believes and thereon alleges that Plaintiff, by its own conduct, acts, and/or omissions, is barred by its unclean hands and shared fault from all legal and equitable relief requested in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

(Comparative/Contributory Fault)

Plaintiff is barred, in whole or in part, by its own fault from any legal or equitable relief against Defendant. The loss, if any, allegedly sustained by Plaintiff was proximately caused or contributed to by the negligence, improper conduct or intervening acts of Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Damages Not Ascertainable)

Some or all of the claims for damages in the Complaint are barred because the damages alleged, if any, are not ascertainable in their nature and origin and therefore cannot be recovered pursuant to Civil Code Section 3301.

**TWELFTH AFFIRMATIVE DEFENSE**

(Conduct Privileged)

Some or all of the claims for damages in the Complaint are barred in that Defendant's actions in connection with the matters alleged were done in good faith and based on his legitimate economic

interest and within the course and scope of his authority and were, therefore, privileged.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Constitutional Privilege)

Some or all of the claims for damages in the Complaint are barred because the statements and/or acts complained of are privileged under the constitution of the United States and the constitution of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Conduct Justified)

All decisions and actions undertaken by Defendant were done in the exercise of proper discretion, in good faith, and based on legitimate reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Truthful Information/Honest Advice)

Some or all of Plaintiff's claims are barred in that the communications between Defendant and third parties with regard to Plaintiff were solicited by the third parties and the communications contained truthful information and honest advice.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Defendant's Full Performance)

Defendant is informed and believes and thereon alleges that he has performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in Plaintiff's Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(No Punitive/Exemplary Damages)

Under the applicable law and the facts of this case, Plaintiff is not entitled to punitive/exemplary damages. Moreover, punitive/exemplary damages such as those claimed by plaintiff are unconstitutional under the California Constitution and the United States Constitution.

///

///

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Not Entitled to Attorneys' Fees)

The Complaint, and each cause of action contained therein, fails to allege any facts or any legal theory sufficient to entitle Plaintiff to recover attorneys' fees in this action.

### NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Causation)

None of the acts, conduct and/or omissions attributed to Defendant in the Complaint may be regarded as the actual or proximate cause of any damages Plaintiff seeks to recover.

### TWENTIETH AFFIRMATIVE DEFENSE

(Discharge)

Any purported obligation alleged in the Complaint which Defendant may have owed to Plaintiff has been discharged and extinguished.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Plaintiff's Breach of Agreement)

Some or all of the claims for damages in the Complaint are barred in that performance of Defendant because any agreement was excused by Plaintiff's own breach of the agreement, its breach of the covenant of good faith and fair dealing, and/or its failure to perform under the contract.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Contract Contrary to Express Provisions of Law)

The contract alleged in the Complaint is unenforceable in whole or in part to the extent that it is contrary to an express provision of law and public policy in California, namely that it contains a non-competition clause which is invalid and unenforceable under California law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Contract Unconscionable)

The contract alleged in the Complaint is unenforceable in whole or in part in that it was adhesive, oppressive and Defendant had no meaningful opportunity to negotiate the terms of the contract.

///

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Walder Not an Officer)

The fiduciary duty alleged in the Complaint does not exist as Defendant was not an officer or director, or in any other fiduciary capacity for Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(No Confidential or Trade Secret Information Disclosed)

The information that Plaintiff alleges was confidential and/or a trade secret was not confidential and/or a trade secret in that the information was already known to Defendant prior to his employment and/or was not maintained in a manner to protect the confidential nature of the information.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Set Off)

Without conceding that any act of Defendant caused damage to the Plaintiff in any respect, Defendant is entitled to offset and recoup against any judgment that may be entered for Plaintiff by reason of the fact that Defendant is owed wages and other damages by Plaintiff which Plaintiff has failed to pay.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

///

///

///

1   WHEREFORE Defendant prays as follows:

2   1. That Plaintiff take nothing by reason of its complaint, that judgment be rendered in favor of Defendant;

3   2. That Defendant be awarded his costs of suit incurred in defense of this action; and

4   3. For such other relief as the Court deems proper.

DATED: February 15, 2008

Respectfully submitted,

LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: s/Liseanne R. Kelly
Liseanne R. Kelly
Attorneys for Defendant ROBERT WALDER
email: Lkelly@luce.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 15, 2008, at San Diego, California, I caused a copy of the foregoing document to be served upon all counsel of record via CM/ECF as follows:

Keith Edward Butler, Esq.
CLAUSEN MILLER PC
2040 Main Street
Suite 500
Irvine, CA 92614
Email: kbutler@clausen.com

Joshua A. Aldort
CLAUSEN MILLER PC
10 South LaSalle Street
Chicago, IL 60603
Email: jaldort@clausen.com

Frederick Wilson Gaston, Esq.
RILEY HURWITZ AND GASTON
222 Ash Street
San Diego, CA 92101
Email: fg@sandiegolegal.us

_____
B. M. STREVELER

101069403.1