Keith E. Butler (State Bar Number 200496)
Clausen Miller P.C.
2040 Main Street, Suite 500
Irvine, CA 92614
Telephone (949) 260-3100
Facsimile (949) 260-3190

Joshua A. Aldort (Admitted *Pro Hac Vice*)
Clausen Miller P.C.
10 South LaSalle Street
Chicago, Illinois 60603-1098
Telephone (312) 855-1010
Facsimile (312) 606-7777

Attorneys for Plaintiff and Counterdefendant, AMERICAN DIAGNOSTIC MEDICINE, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN DIAGNOSTIC MEDICINE, INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>ROBERT WALDER, PAUL KAPLAN, and DOES 1 through 100, inclusive,<br><br>   Defendants. | Case No. 07cv2401W<br><br>JUDGE: Hon. Thomas J. Whelan<br>CTRM:  7<br><br>AMERICAN DIAGNOSTIC MEDICINE, INC.'S ANSWER TO COUNTERCLAIMANT ROBERT WALDER'S COUNTERCLAIM |
| ROBERT WALDER and PAUL KAPLAN,<br><br>   Counterclaimants,<br><br>vs.<br><br>AMERICAN DIAGNOSTIC MEDICINE, INC.,<br><br>   Counterdefendant. | |

1

07cv2401W

**COUNTERDEFENDANT, AMERICAN DIAGNOSTIC MEDICINE, INC.'S**
**ANSWER TO COUNTERCLAIMANT ROBERT WALDER'S**
**COUNTERCLAIM**

COMES NOW, Counterdefendant, AMERICAN DIAGNOSTIC MEDICINE, INC. ("ADM") by and through its attorneys, CLAUSEN MILLER P.C., in answer to Counterclaimant, ROBERT WALDER'S Counterclaim states as follows:

**GENERAL ALLEGATIONS**

1. ADM admits the allegations in Paragraph 1.
2. ADM admits the allegations in Paragraph 2.

**FACTUAL BACKGROUND**

3. ADM admits the allegations in Paragraph 3.
4. ADM only admits that when it hired Mr. Walder as its Vice President of Sales, it wanted to expand its sales in all aspects of its business, including, nuclear fixed sites, mobile nuclear services, MRI, CT and PET. ADM denies the remaining allegations in Paragraph 4 and demands strict proof thereof.
5. ADM denies the allegations in Paragraph 5 and demands strict proof thereof.
6. ADM admits that Mr. Walder was previously employed by Digirad. ADM further admits that it hired Mr. Walder as Vice President of Sales, and paid him $140,000, plus commissions, to increase ADM's sales. ADM denies the remaining allegations in Paragraph 6 and demands strict proof thereof.
7. ADM only admits that in 2007 it fired many former Digirad salespersons due to poor performance. ADM denies the remaining allegations in Paragraph 7 and demands strict proof thereof.
8. ADM admits that it told Mr. Walder that as Vice President of Sales, he was to focus on sales and not ADM's operations. ADM further admits that it

1  constantly strives to provide the highest quality of services to its customers, and
2  ADM denies all allegations in Paragraph 8 that are inconsistent with the foregoing.
3  ADM possesses insufficient knowledge regarding the remaining allegations in
4  Paragraph 8 and therefore denies same.
5     9.  ADM has insufficient knowledge as to Walder's meeting with Digirad
6  in the summer of 2007. ADM denies the remaining allegations in Paragraph 9 and
7  demands strict proof thereof.
8     10. ADM only admits that on July 23, 2007 defendants breached their
9  employment agreements and duty of loyalty by using ADM's confidential
10 information to solicit an ADM employee on behalf of an ADM competitor, Core
11 Medical Imaging. ADM possesses insufficient knowledge as to the remaining
12 allegations in Paragraph 10 and therefore deny same.
13    11. ADM only admits that on October 17, 2007 it terminated Walder's
14 employment for poor management style and subpar sales record. ADM denies the
15 remaining allegation in Paragraph 11 and demands strict proof thereof.
16    12. ADM admits that Walder received his last paycheck on October 15,
17 2007. ADM also admits that Mr. Walder sent it a letter on November 6, 2007.
18 ADM denies the remaining allegations in Paragraph 12.
19    13. ADM only admits that Mr. Walder instituted a frivolous claim against
20 it with the California Labor Standards Enforcement. ADM denies the remaining
21 allegations in Paragraph 13.
22    14. ADM admits the allegations in Paragraph 14.

### FIRST COUNTERCLAIM
**Breach Of Contract**

25    15. ADM hereby incorporates by reference its answers to Paragraphs 1-14
26 of Mr. Walder's counterclaim.
27    16. ADM admits that on March 14, 2006, ADM and Mr. Walder signed a
28

Vice President of Sales Agreement ("VPS Agreement"). ADM states that the document speaks for itself. To the extent the remaining allegations in Paragraph 16 are inconsistent with the terms of the VPS Agreement, ADM denies same.

17. ADM denies the allegations in Paragraph 17.

18. ADM only admits that on November 6, 2007, Mr. Walder sent ADM a letter. ADM denies that it has failed to perform its obligations under the VPS Agreement. To the extent any allegation in Paragraph 18 is inconsistent with the foregoing, the allegation is denied.

19. ADM denies the allegations in Paragraph 19.

20. ADM denies the allegations in Paragraph 20.

21. ADM denies the allegations in Paragraph 21.

22. ADM denies it terminated Mr. Walder for his complaints or to obtain his customer list. ADM denies the remaining allegations in Paragraph 22.

23. ADM denies the allegations in Paragraph 23.

## SECOND COUNTERCLAIM

### Breach of Implied Covenant of Good Faith and Fair Dealing

24. ADM hereby incorporates its answers to paragraphs 1-23 to Mr. Walder's counterclaim as if fully set forth herein.

25. ADM only admits that generally when it signs an agreement; it will abide by that agreement's terms. To the extent the allegations in Paragraph 25 are inconsistent with the foregoing, ADM denies same.

26. ADM denies the allegations in Paragraph 26.

27. ADM denies the allegations in Paragraph 27.

28. ADM denies the allegations in Paragraph 28.

29. ADM denies the allegations in Paragraph 29.

30. ADM denies the allegations in Paragraph 30.

## THIRD COUNTERCLAIM

### Accounting

31. ADM hereby incorporates its answers to paragraphs 1-30 to Mr. Walder's counterclaim as if fully set forth herein.

32. ADM admits that on March 14, 2006, ADM and Mr. Walder signed the VPS Agreement. ADM states that the document speaks for itself. To the extent the remaining allegations in Paragraph 32 are inconsistent with the terms of the VPS Agreement, ADM denies same.

33. ADM admits that the VPS Agreement and any amendments thereto, include certain terms related to the payment of commissions to ADM's sale representatives. ADM states that the document speaks for itself. To the extent the remaining allegations in Paragraph 33 are inconsistent with the terms of the VPS Agreement, ADM denies same.

34. ADM denies the allegations in Paragraph 34.

35. ADM only admits that it terminated Mr. Walder's employment due to poor management and subpar sales record. ADM denies the remaining allegations in Paragraph 35.

36. ADM admits the allegations in Paragraph 36.

37. ADM denies the allegations in Paragraph 37.

38. ADM denies the allegations in Paragraph 38.

39. ADM denies the allegations in Paragraph 39.

## FOURTH COUNTERCLAIM

### Wrongful Termination In Violation of Public Policy

40. ADM hereby incorporates its answers to paragraphs 1-39 to Mr. Walder's counterclaim as if fully set forth herein.

41. ADM admits the allegations in Paragraph 41.

42. ADM admits the allegations in Paragraph 42.

43. ADM denies the allegations in Paragraph 43.

44. ADM denies its actions violate public policy or in violation of sections 201 and 202 of the California Labor Code.

45. ADM denies that it violated any Medicare regulations or statute. The allegations in Paragraph 45 are a legal conclusion, which do not require a response. However, to the extent the allegations in Paragraph 45 are inconsistent with Medicare provisions, ADM denies same.

46. ADM denies the allegations in Paragraph 46.

47. ADM denies the allegations in Paragraph 47.

## FIFTH COUNTERCLAIM

### Fraud - Misrepresentation

48. ADM hereby incorporates its answers to paragraphs 1-47 to Mr. Walder's counterclaim as if fully set forth herein.

49. ADM admits that Mr. Walder was previously employed by Digirad. ADM further admits that it hired Mr. Walder as Vice President of Sales, and paid him $140,000, plus commissions, to increase ADM's sales. ADM denies the remaining allegations in Paragraph 49 and demands strict proof thereof.

50. ADM denies the allegations in Paragraph 50.

51. ADM denies the allegations in Paragraph 51.

52. ADM specifically denies it misrepresented any fact to Mr. Walder. ADM denies the remaining allegations in Paragraph 52.

53. ADM specifically denies it misrepresented any fact to Mr. Walder. ADM denies the remaining allegations in Paragraph 53.

54. ADM denies the allegations in Paragraph 54.

55. ADM denies the allegations in Paragraph 55.

## SIXTH COUNTERCLAIM

### Defamation *per se*

56. ADM hereby incorporates its answers to paragraphs 1-55 to Mr. Walder's counterclaim as if fully set forth herein.

57. ADM denies the allegations in Paragraph 57.

58. ADM only admits that Ms. Draper is currently an employee of ADM. ADM denies the remaining allegations in Paragraph 58.

59. ADM possesses insufficient knowledge as to the allegations in Paragraph 59 and therefore denies same.

60. ADM possesses insufficient knowledge as to the allegations in Paragraph 60 and therefore denies same.

61. ADM denies the allegations in Paragraph 61.

62. ADM denies the allegations in Paragraph 62.

63. ADM denies the allegations in Paragraph 63.

## SEVENTH COUNTERCLAIM

### Violation of California Labor Code section 226(a)

64. ADM hereby incorporates its answers to paragraphs 1-63 to Mr. Walder's counterclaim as if fully set forth herein.

65. ADM denies the allegations in Paragraph 65.

66. ADM denies the allegations in Paragraph 66.

67. ADM denies the allegations in Paragraph 67.

68. ADM denies the allegations in Paragraph 68.

## EIGHTH COUNTERCLAIM

### Violation of California Labor Code section 96(k) and 98.6

69. ADM hereby incorporates its answers to paragraphs 1-68 to Mr. Walder's counterclaim as if fully set forth herein.

70. The allegations in Paragraph 70 are a legal conclusion, which do not

require a response. However, to the extent the allegations in Paragraph 70 are inconsistent with California Labor Code sections 98.6 and 96(k), ADM denies same.

71.  ADM denies the allegations in Paragraph 71.

72.  ADM denies the allegations in Paragraph 72.

73.  ADM denies the allegations in Paragraph 73.

## NINTH COUNTERCLAIM

### Violation of California Labor Code section 432.5

74.  ADM hereby incorporates its answers to paragraphs 1-73 to Mr. Walder's counterclaim as if fully set forth herein.

75.  The allegations in Paragraph 75 are a legal conclusion, which do not require a response. However, to the extent the allegations in Paragraph 75 are inconsistent with California Labor Code section 432.5, ADM denies same.

76.  ADM only admits that the VPS has a standard non-competition provision in it. ADM denies the remaining allegations in Paragraph 76.

77.  ADM denies the allegations in Paragraph 77.

78.  ADM denies the allegations in Paragraph 78.

WHEREFORE, Counterdefendant ADM prays as follows:

1.  That Counterclaimant take nothing by reason of its counterclaim and that judgment be rendered in favor of Counterdefendant;

2.  That Counterdefendant be awarded costs of this suit incurred in defense of this counterclaim; and

3.  For such other relief as the Court deems proper.

DATED: March 6, 2008                                CLAUSEN MILLER P.C.

BY: s/Keith E. Buter

Attorneys for Plaintiff, AMERICAN DIAGNOSTIC MEDICINE, INC.
E-mail: kbutler@clausen.com